Todd Krauss, Esq. (SBN 187991)
E-mail: todd@tkrausslaw.com
TODD KRAUSS, APC
16055 Ventura Boulevard, Suite 650
Encino, California 91436
Tel: (818) 981-1007
Fax: (818) 322-3901

Kevin M. Zietz, Esq. (SBN 186244)
E-mail: kevin@zietzlaw.com
LAW OFFICES OF KEVIN M. ZIETZ, PC
16055 Ventura Boulevard, Suite 432
Encino, California 91436
Tel: (818) 981-9200
Fax: (818) 981-9201

Attorneys for Plaintiff,
MANUEL VARGAS

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MANUEL VARGAS,<br><br>Plaintiff,<br><br>v.<br><br>AT&T INTEGRATED DISABILITY SERVICE CENTER; and DOES 1 to 10, Inclusive,<br><br>Defendants. | Case No. : '26CV4878 WQHSBC<br><br>**COMPLAINT FOR DAMAGES UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT**<br><br>**[29 U.S.C. §1132(a)(1)]** |

Plaintiff, MANUEL VARGAS (hereinafter referred to as "Plaintiff"), complains of Defendants AT&T INTEGRATED DISABILITY SERVICE CENTER (hereinafter AT&T IDSC) as follows:

**JURISDICTION AND VENUE**

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1337

and 29 U.S.C. §1132(a)(1), (e), (f), and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1101. et. seq. (hereafter ERISA) as it involves a claim by Plaintiff for disability benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. §1331 as this action involves a federal question.

2. The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to 28 U.S.C. §1391(b)(2), and the ends of justice require it.

3. The ERISA statute at 29 U.S.C. §1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials. Those avenues of appeal have been exhausted.

4. Plaintiff exhausted the appeal process on or about January 2, 2026, at which time he was informed by AT&T IDSC that the decision to terminate his Long-Term Disability (LTD) benefits as of April 7, 2025, was final, and that he could bring a civil action pursuant to section 502(a) of ERISA.

## GENERAL ALLEGATIONS

5. Plaintiff is informed and believes and thereon alleges that The Plan is an employee welfare benefit plan established and maintained by Plaintiff's employer, AT&T IDSC, to provide its employees with group long-term disability insurance (on a monthly basis) to pay a portion of a covered employee's income during a period of disability.

6. The Plan can be sued as an entity pursuant to 29 U.S.C. §1132(d)(1).

7. Plaintiff was an individual citizen and was a resident of the State of California, County of San Diego, residing within the Southern District of the State of California at the time that this claim arose.

8. The Plan is underwritten and funded by AT&T ISDC, therefore AT&T IDSC is contractually obligated to pay benefits on claims covered and approved.

/ / /

## FACTUAL BACKGROUND

9. At all times relevant hereto, Plaintiff, currently age 51, was employed as a Splicing Technician and was and is a participant and beneficiary of The Plan.

10. Plaintiff's occupation required him to lift up to 70 lbs., handle a 70-lb. 28-foot extension ladder, climb poles when needed, lift/pull open manhole covers weighing about 100 lbs., enter manholes, work in cramped or awkward positions, and sit, stand, squat, bend, kneel, climb, grasp, and twist daily.

11. Plaintiff stopped working on March 9, 2024, due to significant lumbar spine, cervical spine, radiculopathy and other functional limitations.

12. The definition of disability under the terms of The Plan is as follows:

"You are considered disabled for purposes of Long-Term Disability Benefits under this Program when you have a sickness, injury or other medical, psychiatric or psychological condition that prevents you from engaging in any occupation or employment for which you are qualified or may reasonably become qualified, based on training, education or experience. The Claims Administrator must determine that you are incapable of performing the requirements of an occupation or employment other than an occupation or employment with a base rate of pay that is less than 50 percent of your Pay at the time you became entitled to Long-Term Disability Benefits. You will be considered disabled during the period in which you are attempting to qualify for an occupation or employment by actively pursuing a vocational rehabilitation plan."

13. Plaintiff's claim was initially denied on March 31, 2025 alleging that the claimant failed to show an inability to perform any occupation as of April 7, 2025.

14. Plaintiff became eligible to receive benefits on August 27, 2024 after a 180-day elimination period.

15. Plaintiff timely filed a claim for long-term disability benefits with Defendant Life Insurance Company of North America dated December 22, 2025. The appeal provided updated medical records, showing the claimant dealing with chronic

pain in his lumbar spine, epidural injections, proven anxiety and depression, and imaging showing his condition. Claimant was diagnosed with bilateral lumbar radiculopathy.

16. Claimant also provided a report from an AME report conducted in his workers' compensation case, which concluded that claimant was permanently disabled and that he needs future care. Plaintiff also provided an independent medical examination report in which Dr. Michael Hollander concluded that Plaintiff was unable to work in even a sedentary position. He recommended that Plaintiff is a candidate for anterior and posterior interbody fusion and decompression surgery and provided restrictions and limitations that prevented the Plaintiff from working in even a sedentary occupation.

17. AT&T IDSC sent a letter dated February 2, 2026 requesting a response to their own independent evaluation that concluded that the Plaintiff was disabled from performing his own occupation, but the claimant could work based on the restrictions and limitations, and no benefits were payable after April 7, 2025.

18. In a letter dated March 13, 2026, AT&T IDSC sent another so-called independent physician's report (by the same doctor) yet again placing restrictions and limitations on the claimant and claiming he could work.

19. In a letter dated April 16, 2025, claimant responded to AT&T IDSC's physician's report by providing an additional report from an independent doctor who had previously examined the claimant. Claimant's doctor noted that the MRI shows multilevel spondylosis and severe multilevel nerve compression secondary to stenosis and bulging, with ongoing previously documented intersegmental stability. The doctor concluded that the pain, weakness, and activity restrictions preclude the claimant from returning to his job, and that he could not even work a sedentary job.

20. In a letter dated May 12, 2026, the defendant again had the claim reviewed by a new doctor from the same company previously retained by the previous reviewer. The new doctor concluded that the claimant had lower restrictions

and limitations than the previous reviewer, but that he was not precluded from working.

21. In a letter dated June 2, 2026 defendant claimed that the claimant was disabled from September 18, 2025 through October 16, 2025 but no benefits could be paid due to the fact that the claimant was not found disabled as of his first denial date.

22. The defendant also noted that although the claimant had some findings, they were not severe enough to preclude him from working full-time. The Defendant also listed jobs from a transferable skills analysis that was never produced.

23. AT&T IDSC advised the claimant that he had exhausted all of his appeals and was free to file a lawsuit.

**COUNT ONE**

**For Damages and Benefits Against Defendants**

**AT&T IDSC**

**(Pursuant to 29 U.S.C. Section 1132(a)(1))**

24. Plaintiff hereby re-alleges and incorporates paragraphs 1 through 23 as if fully set forth herein.

25. Based upon information and belief, the LTD policy insuring The Plan has an effective date of January 1, 2018. The policy has an anniversary renewal date on January 1 of each year thereafter.

26. Based upon information and belief, The Plan does not contain an express grant of discretionary authority.

27. In the event that there is an express grant of discretionary authority in the any of the plan documents, *California Insurance Code* § 10110.6 will render any such grant of discretionary authority null and void and the Court will apply a de novo standard of review.

28. Plaintiff's claim is for non-vested employee welfare benefits, so the controlling plan is the one that existed at the time his ERISA cause of action accrued

(which is when LTD benefits were finally denied on June 2, 2026).

29. The weight of the medical evidence in the administrative record supports a determination that Plaintiff has limitations and restrictions that prevent him from being able to perform the material and substantial duties of his occupation.

30. In the event that the court utilizes an abuse of discretion standard, Plaintiff alleges that AT&T IDSC has a structural conflict of interest because it is the claims administrator and the funding source for claims paid pursuant to the LTD policy that insures The Plan.

31. In the event that the court utilizes an abuse of discretion standard, AT&T IDSC's claims decision was illogical, implausible, and/or without support in inferences that may be drawn from the facts in the record.

32. As a direct and proximate result of AT&T IDSC 's wrongful denial of LTD benefits, Plaintiff contends that AT&T IDSC has breached the contract by not paying benefits, payable at the rate of $2,500.00 a month, minus appropriate offsets, from April 7, 2025 to the present and continuing.

33. As a further direct and proximate result of the denial of benefits, and due to AT&T IDSC 's failure to pay benefits, Plaintiff had to engage the services of attorneys to assist him in recovering benefits due him under the terms of The Plan. Accordingly, Plaintiff will be entitled to reasonable attorney's fees in an amount according to proof pursuant to 29 U.S.C. Section 1132(g)(l).

WHEREFORE, Plaintiff demands judgment against Defendants, and each of them, as follows:

**Count One**

1. Damages for breach of contract pursuant to 29 U.S.C. Section 1132(a)(1)(B), for Long-Term Disability benefits payable at the rate of $2,500.00 per month, minus appropriate offsets, from April 7, 2025, to the present and continuing;

2. Interest on said amounts in accordance with law;

3. For reasonable attorneys' fees and costs in a sum according to proof,

pursuant to 29 U.S.C. Section 1132(g)(1).

4. For an order stating that LTD benefits are to continue as long as Plaintiff provides medical and/or vocational evidence supporting disability.

5. For any further relief that the court deems reasonable and just.

DATED: August 26, 2026

Respectfully submitted,

TODD KRAUSS, APC

By: Todd Krauss

Todd Krauss, ESQ
Attorney for Plaintiff
MANUEL VARGAS